# In the United States Court of Federal Claims

No. 14-372C
(Filed: May 9, 2014)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BRIAN DAVID MATTHEWS,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff, appearing *pro se*, filed a complaint and a motion for leave to proceed *in forma pauperis* on May 1, 2014.[1] To the extent that the court can discern what plaintiff is alleging, the complaint appears to allege the unauthorized use of plaintiff's name by an agent of the United States. That agent is identified as the "'STATE OF WASHINGTON'; and/or that entity which identifies itself as 'Department of Corrections'." Compl. ¶ 4. Plaintiff's address indicates that he is incarcerated in the state of Washington.

Jurisdiction is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The court may raise the issue *sua sponte* at any time. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Although plaintiff is appearing *pro se*, and *pro se* litigants are afforded latitude, that cannot excuse jurisdictional failings. *See Kelly v. U.S. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for pro se litigants only"). It is unnecessary to wait for further filings in this case because it is clear on the face of the complaint that plaintiff

---

[1] For good cause shown, we grant the motion to proceed *in forma pauperis*.

has not alleged a claim over which this court has jurisdiction.

This court has jurisdiction over claims "against the United States." 28 U.S.C. § 1491(a) (2012). It is well settled this court does not have jurisdiction over claims against non-federal entities, including the states. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (referring to the Tucker Act, stating "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court"); *Maxwell v. United States*, 104 Fed. Cl. 112, 116-17 (2012) (dismissing claim for recovery of taxes collected by the state of Tennessee). The allegations in the complaint concern actions taken by the state of Washington and its corrections department, not the federal government. Plaintiff has not alleged a claim against the United States.

This court lacks jurisdiction over any claims raised by plaintiff's complaint. Accordingly, the complaint must be dismissed for lack of jurisdiction. The Clerk of Court is directed to dismiss the complaint without prejudice. No costs.

ERIC G. BRUGGINK
Judge